IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHANNON DEAN BARLOW, <br> AIS # 183626, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 2:25-CV-241-WKW <br> [WO] |

## ORDER

Petitioner Shannon Dean Barlow, while incarcerated at Bibb Correctional Facility in the custody of the Alabama Department of Corrections, commenced this action by filing a petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Doc. # 1.) Petitioner initially filed his § 2254 petition in the United States District Court for the Western District of Louisiana. (*See* Docs. # 1, 4.) However, on March 27, 2025, this case was transferred to this court from the Western District of Louisiana. (Doc. # 4.)

Pursuant to 28 U.S.C. § 2241(d), Petitioner could have filed his § 2254 habeas petition in one of two federal district courts: (a) the Northern District of Alabama, where he is incarcerated at Bibb Correctional Facility, or (b) the Southern District of Alabama, where the Circuit Court of Escambia County, which convicted and sentenced him, is located. A district court with "concurrent jurisdiction" has the

discretion to "transfer the [petition] to the other district court for hearing and determination" in the interest of justice. 28 U.S.C. § 2241(d).

Although § 2241(d) allows for concurrent jurisdiction, the Middle District of Alabama is not a district where the petition could originally have been filed and thus does not have concurrent jurisdiction. However, the court finds that under 28 U.S.C. § 1406(a), or alternatively, under 28 U.S.C. § 1631, the "interest of justice" warrants transferring the case to a court with concurrent jurisdiction. *See Corbin v. Dep't of Veterans Affs.*, 2015 WL 4254083, at *1 (M.D. Ala. July 13, 2015) (relying on § 1406(a) to transfer a habeas petition not filed in a court specified in § 2241(d) to a district where the action could have been brought); *see also Walthour v. Inch*, 2021 WL 4526710, at *1 (N.D. Fla. Aug. 10, 2021) (noting that "there is some authority suggesting that in this circuit section 2241(d) is treated as jurisdictional" and transferring the habeas petition under § 1631 because the Northern District of Florida was "neither the district of conviction nor the district of incarceration"), *report and recommendation adopted*, 2021 WL 4523078 (N.D. Fla. Oct. 1, 2021).

Petitioner appears to be challenging his 1995 conviction and the resulting life sentence imposed by the Circuit Court of Escambia County, Alabama. *See State of Ala. v. Barlow*, CC-1993-000428. Petitioner contends that "[his] mother was allowed to enter into a plea bargain illegally" on his behalf, and he presumably seeks relief from his conviction and sentence entered by the Escambia County Circuit

Court. (*See* Doc. # 1 at 1.) The district court in the Southern District of Alabama is familiar with the state court system within its boundaries, and that district would be convenient for potential witnesses if an evidentiary hearing is required. Additionally, records and witnesses related to this matter are likely to be located in Escambia County. Given these circumstances, transferring this case to the United States District Court for the Southern District of Alabama would best serve the interest of justice and judicial economy.[1]

Accordingly, it is ORDERED that this action is TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 2241(d) and 28 U.S.C. § 1406(a) or, alternatively, 28 U.S.C. § 1631.

The Clerk of the Court is DIRECTED to take the steps necessary to effectuate the transfer.

DONE this 6th day of October, 2025.

                                                               /s/ W. Keith Watkins
                                         UNITED STATES DISTRICT JUDGE

---

[1] In transferring this action, the court does not make any determination regarding the merits of the petition.